Filed: 6/1/2018 2:54 PM
Lynne Finley
District Clerk
Collin County, Texas
By Darrin Krumm Deputy
Envelope ID: 24992276

CAUSE NO. 199-02359-2018

| | | |
|---|---|---|
| OHIO GRAVY BISCUIT, INC., an Ohio Corporation, as TRUSTEE FOR THE LOVE BIRD 218    LAND TRUST | § § § § | IN THE DISTRICT COURT |
| Vs. | § § | COLLIN COUNTY, TEXAS |
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2006 EMX6 | § § | 199th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Plaintiff, OHIO GRAVY BISCUIT, INC, an Ohio Corporation, and complaining for causes of action against Defendant alleges as follows:

I

### RULE 47 STATEMENT

This suit does not seek monetary damages but concerns title to real estate.

II

### DISCOVERY LEVEL

Plaintiff intends to conduct discovery under level 2, T.R.Civ.Pro. Rule 190.

III

### PARTIES

Case 4:18-cv-00480-ALM-CAN   Document 2   Filed 07/09/18   Page 2 of 7 PageID #: 71

1. Plaintiff is OHIO GRAVY BISCUIT, INC. Plaintiff is a corporation organized under the laws of the state of Ohio, and authorized to do business in the State of Texas. Plaintiff sues as Trustee for the LOVE BIRD 218 LAND TRUST.

2. Defendant is RAS 2006-EMX6, a purported trust. Defendant is sued through its trustee: U.S. BANK, NATIONAL ASSOCIATION, a foreign corporate fiduciary. Now and at all times herein mentioned Defendant US BANK NATIONAL ASSOCIATION, sued herein in its fiduciary capacity as Trustee, is and has been a foreign fiduciary corporation. It has irrevocably appointed the Secretary of State as its agent for service of process. In its filings with the Secretary of State, it has designated C.T. CORPORATION SYSTEMS, INC as the person to whom all process should be forwarded. Accordingly, service should be on the Secretary of State Citation Unit, who should then transmit the Citation and Petition to Defendant's designee:

C.T. CORPORATION SYSTEMS
1999 BRYANT STREET SUITE 900
DALLAS, TX. 75201

Defendant does not have its main office in this state, and Defendant does not have a branch office in this state.

Defendant has been appointed as Trustee of the RASC 2006-EMX61 by virtue of an indenture, known as a "Pooling and Servicing Agreement", said instrument being on file with the United States Securities and Exchange Commission. The said indenture appointing Defendant as Trustee was entered into by the depositor, and U. S. Bank, National Association, as Trustee. Defendant U. S. BANK, N. A. has the corporate power to act as trustee of said trust. Plaintiff further pleads that this action is a suit relating to a trust within this state with respect to which Defendant is acting in a fiduciary capacity.

IV

VENUE

Venue is proper in this Court because this suit concerns title to real estate located in this County.

V

VENUE

Venue is proper in this Court because this suit concerns title to real estate located in this County.

VI

FACTS

1. Plaintiff is the owner of that certain parcel of real estate in this County located at 218 Love Bird Lane, Murphy, 75094, Collin County, Texas, and more particularly described as:

   > Lot 15, Block D, Murphy Farms, Phase One, an Addition to the City of Murphy, Collin County, Texas, according to the plat recorded in Volume L, Page 636, Plat records of Collin County, Texas.

2. Plaintiff acquired the property on or about April 5, 2018, recoding its deed as Instrument No. 20180405000421750.

3. Plaintiff's predecessor in interest is BOUNTANG VONGRACHANH and SINAKHONE VONGRACHANH, who acquired the property on or about April 4, 2006, recording their deed as Instrument No. 200604000435770, deed records of Collin County, Texas.

4. At the time Plaintiff acquired the property, there was of record a deed of trust encumbering the property. The said deed of trust was made by Plaintiff's predecessors, in favor of Mortgage Lenders Network, and recorded as instrument No.

720060404000435780 in the deed records of Collin County, Texas. The deed of trust was executed on or about March 31, 2006 (1ˢᵗ DT).

5. Said predecessors also executed a deed of trust to the same beneficiary on that same date (2ⁿᵈ DT), recording same as Instrument No.200604000435790

6. The said deed of trust was not a purchase money deed of trust.

7. Defendant claims ownership of the deeds of trust by virtue of an assignment found of record as Instrument No. 20110623000647620 and 20120808000973920.

8. The said assignment purports to transfer ownership of the deed of trust to the trust known as the defendant Trust

9. The said trust is a specialized entity created, in part, to achieve certain advantages under the Internal Revenue Code. Failure to abide strictly to the requirements of the Code will result in forfeiture of such tax advantages.

10. The "closing date" of the trust is July 29, 2006.

11. Pursuant to the Pooling and Servicing Agreement, no mortgages may be transferred to the trust more than ninety days after the closing date.

12. The deeds of trust here at issue was transferred to years after the trust was closed.

13. As a consequence of the foregoing, Defendant dues not legally own the deed of trust and may not exercise the powers of sale thereunder.

14. Therefore, the deeds of trust, although valid on its face, is in fact ineffective, void, and an impermissible cloud on title.

15. Pleading further, Plaintiff would show that even if the 1ˢᵗ DT is valid and enforceable, the 2ⁿᵈ DT was discharged at the sale wherein Plaintiff took title to the property.

16. Meanwhile, Plaintiff has just learned that Defendant has posted the property for foreclosure, notwithstanding it having been served with the Original Petition, and notwithstanding that Plaintiff has not had the opportunity to (1) present the claims regarding the deed of trust to the Court; and (2) the opportunity to exercise its right to equitable redemption.

## CAUSE OF ACTION TO QUIET TITLE

17. Plaintiff prays that the Court issue a decree of quiet title, terminating the deeds of trust.
18. In the alternative, if the Court finds that the 1st DT is valid and enforceable, Plaintiff prays that the Court decree that the 2nd DT has been discharged.

## APPLICATION FOR RESTRAINING ORDER

19. Plaintiff's interest in the property is unique.
20. Plaintiff will suffer irreparable harm if Defendant is allowed to proceed with the noticed foreclosure.
21. Plaintiff prays that the Court immediately enjoin Defendant from conducting the threatened foreclosure sale; and, that upon Notice and Hearing, the Court determine whether to issue a Temporary Injunction pending final trial.

## VI

## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendant disclose to it that information specified in Rules 190 and 194, T.R.Civ.Pro., within fifty days of service hereof.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that defendant be cited to answer and appear herein, that the Court immediately enjoin the threatened foreclosure of the property, and that upon the final trial of this cause judgment be granted in accordance with the prayer hereinabove, for costs of court, and for such other and further relief as the Court deems just.

Respectfully submitted,

LAW OFFICES OF KENNETH S. HARTER

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300
5080 Spectrum Drive Suite 1000-E
Addison, TX 75001
(972) 752-1928
Fax (214) 206-1491
ken@kenharter.com

Attorneys for Plaintiff

VERIFICATION

**UNSWORN DECLARATION MADE
PURSUANT TO CIVIL PRACTICE AND REMEDIES CODE §132.001**

My name is Mark C. Disanti.. I am above the age of 18 and fully competent to make this declaration. This declaration is made under oath, pursuant to C.P.R.C. §132.001. All facts stated herein are within my personal knowledge and are true and correct.

I am the President of Plaintiff corporation. I am duly authorized to make this Sworn Declaration. The facts contained in the foregoing are true and correct.

/s/ Mark C. Disanti
Mark c. Disanti

JURAT

My name is Mark C. Disanti. My business address is 9090 Skillman, Suite 182-A, Dallas, Dallas County, Texas. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Dallas, Dallas County, Texas, May 31, 2018.

/s/ Mark C. Disanti
Mark C. Disanti